**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michael A. Hough, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2011-196568

---

Appeal From Kershaw County
James R. Barber, III, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-071
Heard December 8, 2014 – Filed February 11, 2015

---

**REVERSED**

---

Attorney General Alan McCrory Wilson, Assistant Attorney General Brian T. Petrano, and Daniel Francis Gourley, II, all of Columbia, for Petitioner.

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Lara Mary Caudy, both of Columbia, for Respondent.

---

**PER CURIAM:** Hough pled guilty to voluntary manslaughter, and the plea court sentenced him to twenty-three years' imprisonment. Following his plea, Hough

filed for post-conviction relief (PCR), arguing ineffective assistance of counsel. The PCR court granted relief, and this court granted the State's petition for certiorari. The State argues the PCR court erred in finding trial counsel was deficient for failing to advise Hough of the possibility of an involuntary manslaughter jury charge. We reverse.

> Involuntary manslaughter is defined as the unintentional killing of another without malice while engaged in either (1) the commission of some unlawful act *not amounting to a felony and* not naturally tending to cause death or great bodily harm, or (2) the doing of a lawful act with a reckless disregard for the safety of others.

*State v. Sams*, 410 S.C. 303, 309, 764 S.E.2d 511, 514 (2014) (emphasis added) (citing *State v. Tucker*, 324 S.C. 155, 170, 478 S.E.2d 260, 268 (1996)).

It is a felony offense for a person who has been convicted of a crime of violence or a violent crime that is classified as a felony offense, to possess or acquire handguns within this state. S.C. Code Ann. § 16-23-30(B) (Supp. 2014); S.C. Code Ann. § 16-23-50(A)(1) (Supp. 2014); § 16-23-500 (Supp. 2014). Armed robbery is considered a violent crime and is a felony offense. S.C. Code Ann. § 16-1-60 (Supp. 2014); S.C. Code Ann. § 16-11-330(A) (2003).

The PCR court failed to consider Hough's felonious act when it granted PCR. As a result, the PCR court erred as a matter of law when it determined Hough's case met the first definition of involuntary manslaughter.[1] Under either version of the facts presented to the PCR court, it appears Hough would not have been entitled to the requested charge as he was a convicted felon in possession of a pistol. Because Hough has a prior conviction for armed robbery, him possessing a pistol, whether to rob the victim or sell him the gun, amounted to a felony precluding an involuntary manslaughter jury instruction. *See State v. Reese*, 370 S.C. 31, 36, 633 S.E.2d 898, 901 (2006), *overruled on other ground by State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009) (reversing this court's holding that Reese was entitled to an involuntary manslaughter instruction; "Reese was pointing or presenting a firearm, a felony, which would preclude an involuntary manslaughter charge."); *State v. Cabrera-Pena*, 361 S.C. 372, 381, 605 S.E.2d 522, 526 (2004) ("Cabrera-

---

[1] The PCR court's order does not consider whether Hough met the second definition of involuntary manslaughter.

Pena's conduct does not fit within the first definition of involuntary manslaughter because he was engaged in unlawful, felonious[,] and harmful conduct."). Accordingly, the PCR court's grant of PCR is

**REVERSED.**

**HUFF and SHORT, JJ., and CURETON, A.J., concur.**